**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eugene G.,<br>Plaintiff,<br>vs.<br>Commissioner of Social Security,<br>Defendant. | Case No. 2:26-cv-02510-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1)** |

Plaintiff Eugene G. filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP"). *ECF No. 1*. This is a social security appeal and plaintiff is represented by counsel. The Court **DENIES** plaintiff's IFP application without prejudice for the reasons below. Plaintiff must either file a new Long Form IFP application OR pay the full filing $405 fee by **September 21, 2026**.

## I. WHETHER PLAINTIFF CAN PROCEED IFP

### a. General Legal Principles

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee, e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

**b. Analysis**

Plaintiff filed a Long Form IFP application, however, it contains deficiencies. *See ECF No. 1*. Plaintiff lists that he has not earned any income in the last twelve months, does not expect to earn any income in the next month, and states that he has tried to work but now is unable to because of his disability. *ECF No. 1* at 1-2, 5. However, he also lists that he was employed in two total jobs within the

last twelve months where he earned $800 in gross monthly pay during May to July 2026 and $900 in gross monthly pay during 2025. *Id.* at 2. Plaintiff must thus clarify his average monthly income that he earned in the last twelve months and if he has received any income from public-assistance (i.e. food stamps) or unemployment assistance.

Plaintiff then lists having $.50 on hand, and having no assets or regular monthly expenses while his sister relies on him for support. *Id.* at 3-5. Plaintiff must clarify his living situation and how he lives without paying regular monthly expenses, including for basic needs like food. He must also clarify if he pays any money in regular monthly expenses to support his sister.

Therefore, the Court finds it cannot make a determination of plaintiff's IFP status. However, the Court will give plaintiff another opportunity to file his IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must fully complete a new Long Form IFP application that responds to the Court's request for additional information and details made by this Order. Plaintiff also cannot respond to a question in the application simply with "N/A[.]" He must provide an explanation for his answers.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 1) is **DENIED** without prejudice.
2. Plaintiff must either: (1) file a Long Form IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **September 21, 2026**.
3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

DATED: August 21, 2026.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge